UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CITY WALK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-08-36 |
| | § | |
| CITY OF LAREDO, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER OF DISMISSAL WITHOUT PREJUDICE

On May 23, 2008, the Defendants in the above-styled action moved to dismiss this case for, *inter alia*, failure to state a claim. [Dkt. No. 10]. On May 27, *pro se* Plaintiff City Walk filed a Notice of Voluntary Dismissal, which purports to dismiss the action without prejudice. [Dkt. No. 11]. On May 30, Defendants filed a response opposing voluntary dismissal without prejudice. [Dkt. No. 12]. On June 2, Kush Samtani, owner of City Walk, filed a letter to the Court in which he stated various objections to Defendants' filings, and asked the Court to recuse itself. [Dkt. No. 13]. For the reasons stated herein, the Court will **DENY** Plaintiff's motion for recusal. The Court will construe Plaintiff's Notice of Dismissal as a motion to voluntarily dismiss the case, and **GRANT** such motion. The Court will **DENY as moot** Defendants' motion, and **DISMISS without prejudice** the above-styled action.

### I.   MOTION FOR RECUSAL

In Plaintiff's letter of June 2, Plaintiff stated his belief that the Court was "treating [him] unfairly, with bias, and with discrimination." [Dkt. No. 13 at 1]. He expressed a

belief that the Court was engaging in *ex parte* communications with Defendants' attorney, Alberto Pena, and asked that the Court recuse itself. Plaintiff also expressed dismay that the Court has ruled quickly on certain motions he filed: "[i]t seems that whatever I filed is denied automatically within twenty-four (24) hours (without any hearings or consideration)." [Dkt. No. 13 at 3].

Plaintiff has not demonstrated that recusal is warranted. "Two statutes govern recusal of United States district judges based on the judge's bias, prejudice, or impartiality." *United States v. Scroggins*, 485 F.3d 824, 829 (5th Cir. 2007) (citing 28 U.S.C. §§ 144, 455). Under Section 144, a judge must recuse herself if a party "makes and files a timely and sufficient affidavit" that the judge "has a personal bias or prejudice against [the moving party] or in favor of the adverse party." Section 144 "relates only to charges of actual bias." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) (citation omitted). The affidavit "must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citation omitted). The judge "must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged." *Id.* (quotation omitted).

A judge must also recuse herself under Section 455(a) "in any proceeding in which [her] impartiality might reasonably be questioned." Under this section, a court asks "whether a reasonable and objective person, knowing all of the facts, would *harbor doubts* concerning the judge's impartiality." *Patterson*, 335 F.3d at 484 (quotation

omitted) (emphasis in original). "Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Scroggins*, 485 F.3d at 830 (citation omitted).

Here, Plaintiff's letter to the court is not a "timely and sufficient affidavit," but rather, a legally insufficient laundry list of perceived wrongs which fails, *inter alia*, to show a *personal* bias on the part of the Court. *Cf. Henderson*, 901 F.2d at 1296. Therefore, the Court may not recuse itself pursuant to 28 U.S.C. § 144. Moreover, Plaintiff's allegations that the Court has engaged in *ex parte* communications with Mr. Pena are unfounded and simply incorrect. To the Court's recollection, it has never spoken with or met Mr. Pena.

The Court has ruled quickly on various motions filed by the Plaintiff, not because of bias, but rather, because such motions fell short of the proper legal standard. [*See* Dkt. Nos. 5, 8]. In each case, the Court has explained why the motion would not be granted, and therefore accorded each motion the proper consideration. The Court did not hold hearings or allow additional briefing because to do so would not have assisted the Court in deciding the merits of the respective motions. Plaintiff, despite litigating this case *pro se*, is not entitled to disregard proper legal standards merely because he feels aggrieved by Defendants' actions. The Court's adverse rulings do not "reveal an opinion based on an extrajudicial source" or "demonstrate such a high degree of antagonism as to make fair judgment impossible." *Cf. Scroggins*, 485 F.3d at 830. The Court concludes that no reasonable person would "harbor doubts" regarding its impartiality. *See Patterson*, 335 F.3d at 484. Therefore, Plaintiff's motion for recusal is **DENIED**.

## II.     MOTION TO VOLUNTARILY DISMISS

The Court next discusses Plaintiff's purported "Notice of Voluntary Dismissal." [Dkt. No. 11].  In some circumstances, a plaintiff may dismiss an action without an order of the court.  *See* Fed. R. Civ. P. 41(a)(1).  However, because Defendants have served an answer, [Dkt. No. 1-8], Plaintiff may not dismiss the action without a court order unless a "stipulation of dismissal signed by all parties who have appeared" is filed.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii); *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007).  Nevertheless, even when the mechanism of Rule 41(a)(1) is unavailable, Federal Rule of Civil Procedure 41(a)(2) allows the Court to dismiss an action on the plaintiff's request "on terms that the court considers proper."  Therefore, the Court will liberally construe Plaintiff's *pro se* Notice of Voluntary Dismissal, *see Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (per curiam), as a motion to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2).

### A.     Standard for Voluntary Dismissal Pursuant to Court Order

Federal policy favors voluntary dismissal.  "As a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party."  *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)).  The "mere prospect of a second lawsuit" is not sufficient prejudice to prevent dismissal.  *Id.* (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)).  A court may exercise its discretion and deny a motion to voluntarily dismiss if the plaintiff moves for dismissal at a late stage of trial, *i.e.* after extensive litigation and discovery.  *See id.*  A court may also consider whether the timing of the motion appears

calculated to avoid an actual or anticipated adverse ruling—however, this factor is not dispositive. *See id.*; *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Even if the plaintiff would gain some tactical advantage, dismissal may still be proper; the greater danger is the prospect that dismissal will potentially strip a defendant of a defense in a subsequent lawsuit that would otherwise be available. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177-78 (5th Cir. 1990); *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989).

### B.     Defendants' Objections

Defendants oppose dismissal without prejudice. Defendants first claim that Plaintiff earlier promised to seek dismissal *with prejudice*, but then filed motions to remand the case and for a temporary restraining order. [Dkt. No. 12 ¶¶ 5-7]. Defendants also contend that the individually named Defendants "are entitled to immediate dismissal" of state-law claims asserted against them under the Texas tort-law doctrine of election of remedies in suits against governmental agencies and employees. [Dkt. No. 12 ¶ 8]; *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2007 supp.). Without explaining why, Defendants contend that this "defense would be prejudiced by a dismissal without prejudice." [Dkt. No. 12 ¶ 8]. Defendants also raise the prospect of a subsequent state-court suit in which Plaintiff again alleges federal causes of action, necessitating removal to the federal court, generally wasting the litigants' and the Court's time and resources. [*Id.* ¶ 9]. Defendants also take umbrage with Plaintiff's failure to offer an explanation for seeking dismissal, and surmise that this silence bespeaks Plaintiff's attempt to forum-shop. [*Id.* ¶ 10].

### C. Application

Defendants' objections to dismissal are unpersuasive. First, Defendants present nothing to indicate that Plaintiff agreed or obligated himself to dismiss his lawsuit with prejudice. Second, the individually named Defendants' defenses would not be prejudiced if the Court were to dismiss the action without prejudice. Such Defendants could raise an identical defense in subsequent proceedings in a state or federal court. *Cf. Yanez v. Milburn*, 932 S.W.2d 725, 728 (Tex. App.—Amarillo 1996, writ denied); *Ikospentakis*, 915 F.2d at 179. In his recent letter to the Court, Plaintiff explains that he seeks voluntary dismissal because he wishes to litigate his state-law claims in a Texas state court, and intends not to assert federal causes of action. [Dkt. No. 13 at 3]. Thus, if Plaintiff makes good on his promise to "take action in state court," Defendants will be able to raise the identical defenses they have raised in this Court. As to Defendants' third point, the mere prospect of a future lawsuit wasting the litigants' and Court's time and resources is an insufficient basis to disregard the policy favoring dismissal without prejudice under Rule 41(a)(2). *See Dow Chem. Co.*, 343 F.3d at 330. Therefore, there will be no legally cognizable prejudice to Defendants. *Cf. Elbaor*, 279 F.3d at 319.

Lastly, the Court notes that the timing of Plaintiff's motion is dubious. The motion follows the Court's denial of Plaintiff's motions to remand and to seek a temporary restraining order, [*see* Dkt. Nos. 5, 8], and the Defendants' filing of a motion to dismiss, [Dkt. No. 10]. Nevertheless, the Court has not made a ruling on the merits of Plaintiff's claims or Defendants' defenses. Past orders rested on narrow grounds. In denying the motion to remand, the Court examined only the Plaintiff's state-court petition, and noted: "[i]t appears, at least for now, that the Court has subject matter

jurisdiction . . . ." [Dkt. No. 5 at 2]. In denying the motion for a temporary restraining order, the Court only held that Plaintiff had not met the standard for a provisional remedy under Federal Rule of Civil Procedure 65. [Dkt. No. 8 at 2-3]. If the Court were to allow dismissal without prejudice, Plaintiff would not be able to circumvent any past ruling that adjudicates or influences the merits of his claims. *Cf. Elbaor*, 279 F.3d at 317; *Davis*, 936 F.2d at 199. Therefore, the timing of Plaintiff's motion is not a sufficient basis to prevent dismissal of this action without prejudice.

In sum, the Court perceives insufficient legal prejudice to Defendants to countervail the federal policy favoring dismissal without prejudice. The instant matter is at an early stage, and the parties apparently have not engaged in discovery. [*See* Dkt. No. 12 ¶ 7]. It is also apparent that both the Plaintiff and the Defendants seek the same result: dismissal. Understandably, Defendants would prefer to have the Court rule on their affirmative defenses prior to dismissal. However, Defendants would be entitled to raise any applicable defense in a subsequent lawsuit, *if* such lawsuit ever occurs. In its discretion, the Court finds that judicial economy would be better served by dismissing this action in its entirety. This is preferable to rendering rulings on Defendants' affirmative defenses which may ultimately be mere advisory opinions.

### D. Costs and Attorney's Fees

At this time, the Court, in its discretion, declines to award costs or attorney's fees. *Cf. Elbaor*, 279 F.3d at 317 n.3 ("Evidence of expense[s] incurred can of course support a discretionary award of attorney's fees and costs."); *Mortgage Guarantee Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990).

**III. ORDER**

For the foregoing reasons, Plaintiff City Walk's Motion for Recusal, [Dkt. No. 13], is **DENIED**. Plaintiff's Notice of Dismissal, [Dkt. No. 11], which the Court construes as a Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), is **GRANTED**. Defendants' Motion to Dismiss, [Dkt. No. 10], is **DENIED as moot**. Each side shall bear its own costs and attorney's fees.

This action is hereby **DISMISSED without prejudice**. The Clerk shall close the case.

IT IS SO ORDERED.

SIGNED this 5th day of June, 2008.

_____
Micaela Alvarez
United States District Judge